## Hirsch v. Merzow

*Jerold S. Berschler*, for plaintiffs.
*William E. Rapp*, for defendant.

TREDINNICK, *J.*, February 28, 1975—Plaintiffs' complaint states a dental malpractice claim against defendant. On May 17, 1974, plaintiffs filed interrogatories to be answered by defendant. Defendant filed interrogatories upon plaintiffs on June 17, 1974, and sought to take plaintiffs' depositions. Upon plaintiffs refusal to submit to oral depositions, defendant filed a motion to compel such. The court, by order dated September 19, 1974, granted the motion, directing that such depositions be held not sooner than ten days nor more than 20 days after the date of the order. The court further ordered that defendant answer plaintiffs' interrogatories within ten days of the order, and that plaintiffs answer defendant's interrogatories within 20 days of the order.

In fact, defendant filed answers to interrogatories on October 23, 1974. The answers are incomplete in certain particulars, defendant objecting to certain of the interrogatories. Plaintiffs have not yet answered defendant's interrogatories. Defendant sought to take plaintiffs' depositions on December 3, 1974, but plaintiffs refused to appear. A series of motions have been filed by the parties as a result of the foregoing and are presently before the court for disposition. After argument, plaintiffs have filed: (1) a motion for a protective order prohibiting defendant from taking plaintiffs' depositions; and (2) a motion for sanctions to be imposed upon defendant for failing to answer certain inter-

rogatories. Defendant has filed a motion for sanctions against plaintiffs for failure to appear for depositions.

A careful review of plaintiffs' interrogatories 5, 6, 10 and 11 yields the following conclusions. Interrogatory 5 has been adequately answered in the context of the question itself. If plaintiffs desired more detailed information than that provided by defendant, the question should have been more specific. Interrogatory 6 asks whether defendant performed any treatment on wife-plaintiff in October or November of 1973. If so, it requests: (1) date of treatments; (2) reason for treatments; (3) tools or implements used; and (4) results of treatment. Defendant's answer admits that he performed treatment, but objects to all remaining questions. Clearly, the first and third questions should have been answered, and the second and fourth call for opinions. Interrogatory 10 asks whether defendant has X-rays or photographs of wife-plaintiff's mouth taken about the time of treatment referred to in interrogatory 6. The answer is "yes." That is adequate. Defendant need not produce it in answers to interrogatories. If plaintiffs desire to inspect, a motion under Pa.R.C.P. 4009 is the appropriate remedy. Interrogatory 11 asks a series of questions as follows: (1) did defendant use an electrical or surgical device upon wife-plaintiff; if so (2) why; (3) on what condition in the mouth; (4) on what area of the mouth; (5) what was the condition of that area prior to use of the device; (6) after its use; (7) give name and address of the manufacturer of the device; (8) and its brand or trade name. Defendant answered "Yes" to the first question, and objected to the rest. Subques-

tions 2, 3, 5 and 6 call for opinion. Subquestions 4, 7 and 8 were clearly proper.

Ordinarily, the court would sustain objections to an interrogatory which called for a response which would be expert opinion. In the present case, however, we consider defendant to have waived his right to object. Pa.R.C.P. 4005(b) provides that a party may file objections to an interrogatory within ten days of its receipt. Failure to do so operates as a waiver: Nissley v. Pennsylvania Railroad Company, 435 Pa. 503, 259 A. 2d 451 (1969); Toomey v. Robert Bazley, Inc., 18 D. & C. 2d 673 (1959).

The sense of our order of September 19, 1974, was clearly that defendant should answer plaintiffs' interrogatories prior to deposing plaintiffs. He has not fully done so; therefore, plaintiffs' motion for a protective order will be granted.

The court feels compelled to note that the parties have now twice taken an inordinate amount of judicial time over discovery matters largely because each seems determined to avoid the spirit of the discovery rules as much as possible. Aggressive advocacy is commendable; wasting judicial time is not. Should the practice continue, full sanctions will be imposed.

Accordingly, the court makes the following disposition of the several outstanding motions

## ORDER

And now, February 28, 1975, it is ordered:

(1) That defendant answer interrogatories 6 and 11 fully and completely within 30 days of the date hereof. Upon failure to so do, the court will, on further motion, impose the most stringent sanc-

tions possible. Upon compliance, the present motion for sanctions will be considered dismissed.

(2) Plaintiffs' motion for a protective order is granted, and defendant should not take plaintiffs' deposition until the answers to interrogatories are completed as directed herein.

(3) Defendant's motions for sanctions are dismissed.

(4) Defendant having orally withdrawn his motion under Pa.R.C.P. 4009, that motion is also dismissed.